## PEOPLE v. LANSING.

March, 1868.

If, pending an action to reach real property, a third person, being judgment creditor of one of the parties, with notice, sells the property on execution and becomes the purchaser, and his execution is returned unsatisfied, and the plaintiff in the pending action subsequently obtains a decree and sells the property again thereunder, and the proceeds are distributed,—the judgment creditor cannot maintain an action, founded on his equity, to reach the proceeds of the second sale, until the satisfaction of his judgment has been vacated.*

The People of the State sued Henry R. Lansing and Mary R. Richmond, executrix, &c., of Dean Richmond, in the supreme court, in an action substantially for money received. The facts proved were as follows:

Upon the failure of the bank of Oliver Lee & Co., James M. Smith was appointed receiver of its property and effects, about September, 1857. Afterward, as such receiver, he commenced an action in the Buffalo superior court against Henry L. Lansing, president of the bank, to compel him to convey real estate belonging to it, which he had procured to be conveyed to himself, and which he claimed to hold to secure himself, Dean Richmond, and others, against liabilities which he and they had incurred as sureties for the bank; and in August, 1859, the receiver obtained judgment in that action, directing Lansing to make the conveyance to the receiver. This judgment was, upon appeal, reversed by the general term; but, on appeal to the court of appeals, the judgment of the general term was reversed, and that of the special term affirmed.

A notice of *lis pendens* in this action was filed in the office of the clerk of Erie county on April 8, 1858.

While appeal in the receiver's action was pending, and after the notice of pendency was filed, the People of the State, who had recovered judgment against Lansing and others, on January 14, 1860, for over twenty thousand dollars, issued

---

* Compare Mayor of N. Y. v. Erben, p. 250 of this vol.; Mathews v. Duryee, p. 220.

execution thereon; and on this execution the sheriff sold the land which the superior court had adjudged should be conveyed to the receiver, and the people bid it off; and their execution was returned satisfied.

At the time the plaintiffs bid off the premises at the sheriff's sale, under the execution in the action which they had brought, they had actual notice of the pendency of the action brought by the receiver, and of the judgment which had been rendered thereon, and of the appeal then pending in the court of appeals.

Subsequently to the decision of the court of appeals in the receiver's action, the same land was sold by a referee on July 2, 1862, under direction of the superior court, for the sum of thirteen thousand one hundred and eighty-seven dollars, over and above the expenses of the sale. After the sale, and on September 18, 1862, the defendants in this action presented a petition to the superior court, asking for a distribution of the proceeds of the sale, and the court granted an order requiring the receiver, the State treasurer, and others, to show cause why the distribution should not be made. Upon proof of service of the order, the court, on September 26, 1862, directed the distribution, and Richmond received ten thousand four hundred and ninety-three dollars and nine cents, Lansing one thousand and forty-nine dollars and forty-eight cents, and the plaintiff's treasurer one thousand six hundred and forty-four dollars and forty-three cents. For the recovery of this money paid to Richmond and Lansing, the present action was brought.

*J. H. Reynolds* and the *Attorney-General*, for the People, appellants;—Insisted that the proceeding for distribution was, in substance, *ex parte;* and the present plaintiffs ought to be permitted to go behind the order, and show that they were entitled to a larger share. The State was not bound by the decree in the receiver's suit, so far as it attempted to settle rights of the State in respect of claims for which Lansing and Richmond were sureties.

*John Ganson*, for defendants, respondents;—Insisted that a satisfied judgment must be deemed satisfied until satisfaction

was vacated. In this case no court would vacate the satisfaction, for the State sold with notice, and bid, to take their chances. The State were not entitled to notice.

BY THE COURT.—CLERKE, J. [After stating the above facts.]—On these facts, the decision of the referee was correct.

The execution issued upon the judgment in favor of the plaintiffs against Lansing and others, was returned satisfied, and remains on record in full force. It cannot be vacated or impeached in any proceeding or action of this kind. No attempt has been made by the plaintiffs either to vacate the return to the execution which was returned satisfied, or to appeal from the superior court, or to set aside the proceedings therein as fraudulent or irregular; and they have received, without protest, the money awarded to them under these proceedings.

The judgment should be affirmed, with costs.

All the judges present concurred.

Judgment affirmed, with costs.